**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>USCOC of New Hampshire RSA #2, Inc.</u>

   v.                                                 Civil No. 05-cv-327-JM

<u>Town of Bow, New Hampshire</u>

**O R D E R**

Joan and Lee Herrington (the "Herringtons") move to intervene in this action brought by Plaintiff USCOC of New Hampshire RSA #2, Inc. against Defendant Town of Bow, New Hampshire, under Section 704 of the Telecommunications Act of 1996, 47 U.S.C. § 337(c)(7)(B) (the "TCA"). Plaintiff objects.

<u>Background</u>

Plaintiff seeks to construct a 125-foot tall wireless telecommunications tower, disguised as an "artificial tree," on a five-acre parcel of land known as 54 Wood Hill Road, which is located in the Town's Rural Zoning District. The Herringtons, who own property abutting the parcel in question, were among several Town residents who opposed the Plaintiff's application for a use variance permit. The Herringtons hired an attorney and mounted an organized effort to defeat the Plaintiff's

application.

On May 20, 2005, the Town's Zoning Board of Adjustment (the "ZBA") issued a one-page decision denying Plaintiff's application.  Both the Plaintiff and the interested Town residents requested a rehearing on the ZBA's decision.  The ZBA granted both requests.  After holding further hearings and considering additional evidence, the ZBA again denied the Plaintiff's application this time in 10-page decision dated August 23, 2005.[1]  In sum, the ZBA's decision was based on its concerns that the project would diminish property values and harm the aesthetic nature of the community.  Def.'s Answer, ¶ 22.  The ZBA further believed that an alternative of smaller multiple cell towers, on various hilltops, could address the Plaintiff's wireless services coverage needs.  Id.  In their motion to intervene in this action, the Herringtons allege that the Plaintiff's proposed project threatens to diminish the value of their abutting property and their enjoyment of that property.

---

[1]Plaintiff alleges that prior to the rehearing the attorney representing the interested residents told the ZBA that its decision should have been more detailed and more damning of the Plaintiff's proposal.  Compl., ¶ 31.  Plaintiff then implies that the ZBA's August 23, 2005 decision responded to the residents' urging that the ZBA do a better job denying the Plaintiff's application.  Id., ¶ 32.  The Town denies these allegations.

Discussion

Fed. R. Civ. P. 24(a)(2) requires that a party seeking to intervene show that the "the applicant's interest is (not) adequately represented by existing parties." The applicant has the burden to demonstrate the inadequacy. Public Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207 (1st Cir. 1998). There must be a tangible basis to support the claimed inadequacy and that showing is greater when intervenors seek to defend a decision made by a governmental entity. Id. The applicant has the burden to rebut the presumption that the government will adequately represent the interests of its citizens. Id.

The Court recognizes that the First Circuit has indicated in cases that did not directly present the issue that abutting landowners might be permitted to intervene in federal actions brought under the TCA. See e.g., Metheny v. Becker, 352 F.3d 458, 462 (1st Cir. 2003) ("we see no obvious reason why abutting landowners who fail to intervene in a federal action brought under the Act, . . .,[2] should not be able to be joined as parties under Fed. R. Civ. P. 19(a)(2)."). One district court has relied

---

[2] The Metheny panel found that the court's earlier decision in Brehmer v. Planning Bd. of Wellfleet, 238 F.3d 117, 119 n.2 & 122 (1st Cir. 2001), suggested that interested abutters might be able to intervene in a case brought under the TCA.

in part on these hints from the First Circuit in finding that abutting landowners' interests in an action brought under the TCA might not be adequately represented by the existing defendants. See Nextel Communs. of Mid-Atlantic, Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 153 (D. Mass. 2004).

    In Nextel, the defendant town entered into a consent decree with the plaintiff to settle the plaintiff's lawsuit alleging that the town violated the TCA in denying the plaintiff's request for a special permit to replace an existing cell tower with a larger tower. Id. at 148. The court later directed the plaintiff to file a second action after the plaintiff sought further judicial relief because its application for a building permit to proceed with construction of the tower was denied by the town building inspector. Id. at 149. The intervenors in Nextel contended that "the Town's advocacy (in the prior action) has not been and will not be vigorous, as demonstrated by its past choice to reach a compromise." Id. at 150. Although the court found that the question of whether the adequacy of representation test had been met was close, id. at 152, the court granted the motion to intervene in the second action. Id. at 161. Significantly, the court found that "there is a potential

for divergence of interests because the governmental defendants might settle this litigation in exchange for concessions that would not alleviate the DeFrancescos' concerns." Id.

The facts in Nextel are distinguishable from the facts in the instant case.  Here, there is no prior settlement between the Plaintiff and the Town regarding the current application, and the Court finds no indication that the Town is unprepared or unwilling to vigorously defend its decision.  The Town asserts 28 affirmative defenses in its answer to the complaint, which includes all of the Herringtons' proposed legal and factual defenses.  Without additional legal authority on point, the Court is not prepared to find that the Herringtons' personal interest and commitment to opposing the proposed wireless communications facility, by itself, rebuts the presumption that the Town will adequately represent the interests of its citizens in this action.  Therefore, the Herringtons' motion to intervene (document no. 7) is denied.

The Herringtons may renew their motion to intervene at a later date if they are able to demonstrate that a change of

circumstances warrants their intervention.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 22, 2005

cc:   Steven E. Grill, Esq.
      Paul T. Fitzgerald, Esq.
      Jeffrey C. Spear, Esq.