**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>USCOC of New Hampshire RSA #2, Inc.
a Delaware corporation doing business as
US Cellular</u>

    v.                                          Civil No. 05-cv-327-JM

<u>Town of Bow, New Hampshire</u>

**<u>O R D E R</u>**

Joan and Lee Herrington (the "Herringtons") move for reconsideration of my December 22, 2005 order denying their motion to intervene in this case. Plaintiff USCOC of New Hampshire RSA #2, Inc. ("US Cellular") objects.

The motion for reconsideration presents the issue of whether in a civil case where the existing parties have consented to the magistrate judge's jurisdiction a person who seeks to intervene in the case must also consent to the magistrate judge's jurisdiction before the magistrate judge may rule on the motion to intervene. The Herringtons assert for the first time in their motion for reconsideration that: (1) they did not receive notice of my assignment as contemplated by this court's local rules; (2) they did not receive notification of their rights regarding

consent; and (3) they did not consent.  See Mot. for Recons. of Abutters Joan and Lee Herrington at 5.  The Herringtons request that I refer their motion for reconsideration, and the motion to intervene, to an Article III judge.  Id. at 6.

There is a split of authorities as to whether the consent of a person who seeks to intervene in a case to a magistrate judge's jurisdiction is required where the existing parties in the case have already consented.  Compare People Who Care v. Rockford Bd. of Educ., 171 F.3d 1083, 1089 (7th Cir. 1999) (finding that where the parties in the case have consented to the magistrate judge's jurisdiction to decide the case the magistrate judge has the power to rule on motions to intervene as a necessary and proper incident to the power to decide the underlying case), with New York Chinese TV Programs v. U.E. Enters., 996 F.2d 21, 25 (2d Cir. 1993) (finding that absent the consent of the person who seeks to intervene in the case a magistrate judge's decision on a motion to intervene should be deemed a report and recommendation to the district judge).  In my view, the reasoning of the Seventh Circuit in People Who Care is more persuasive.  Reassigning a motion to intervene to a district judge in a case where the parties before the court have already consented to proceed before

a magistrate judge, particularly in a case such as this where it is clear that the would-be intervenors had notice of my assignment before I ruled on their motion,[1] necessarily leads to a duplication of effort and delay in the case before it has even been determined that the would-be intervenors should properly be classified as parties in the case.  Nevertheless, in order to be as protective as possible of whatever rights the Herringtons may have to have a district judge consider their request to intervene, I will follow the Second Circuit's approach in <u>New York Chinese TV Programs</u> in this case.

    Accordingly, I direct the clerk of court to randomly reassign the Herringtons' motion to intervene (document no. 7) to one of the district judges.  My December 22, 2005 order (document no. 15) should be deemed a report and recommendation to the

---

[1] The Herringtons' claim that they lacked notice that this case had been assigned to a magistrate judge lacks credibility. The Herringtons are represented by counsel who have appeared in this court on numerous occasions.  The civil docket for this case, which the Herringtons' counsel must have checked before filing the motion to intervene, states that this case has been assigned to a magistrate judge.  And if that were not enough, the docket number for the case ends with my initials, "JM," indicating that I am the presiding judge.  The Herringtons made four filings with the court using that docket number, beginning on November 4, 2005, before objecting to my jurisdiction on January 6, 2006 after I denied their motion to intervene.  <u>See</u> Document Nos. 7, 8, 13 and 16.  Thus, the assertion of the lack of notice smacks of opportunism.

district judge. The Herringtons' motion for reconsideration (document no. 17) should be deemed a timely objection to my recommended disposition. US Cellular's objection to the motion for reconsideration (document no. 18) should be deemed a response to the Herringtons' objection. Further consideration of whether the Herringtons should be permitted to intervene in this case, including consideration of the Herringtons' motion for leave to file a reply (document no. 19) and US Cellular's objection thereto (document no. 20), will proceed in accordance with the direction of the district judge.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: March 7, 2006

cc:  Steven E. Grill, Esq.
     Paul T. Fitzgerald, Esq.
     Jeffrey C. Spear, Esq.